UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ABDULKARIM N. SALEM and
ENITSAR A. YEHIA, aka Entisar
(Entesar) Abdulkarim Nasher Salem,

                Plaintiffs,

                DECISION AND ORDER

-vs-

                10-CV-6588 CJS

ERIC HOLDER, Attorney General of
the United States of America, et al.,

                Defendants.
_____

INTRODUCTION

Plaintiffs seek an order of mandamus to compel the U.S. Embassy in Sanaa, Yemen, "to make a decision" on a visa application originally filed in 2006. This action is duplicative of an action that was dismissed by the Honorable David G. Larimer, United States District Judge, for lack of subject-matter jurisdiction. Now before the Court is Defendants' motion to dismiss. (Docket No. [#2]). The application is granted.

BACKGROUND[1]

This action is brought by a father who is still waiting for the U.S. Embassy in Sanaa, Yemen, to make a decision on a visa application first filed on behalf of his daughter almost five years ago, in August 2007. Abdulkarim Salem ("Mr. Salem") is a U.S. citizen who immigrated from Yemen. Mr. Salem presently resides in Rochester, New York. Mr. Salem's daughter Enitsar ("Enitsar") is a citizen and resident of Yemen. When the visa application was first filed, Enitsar was approximately fifteen years old, and residing in Yemen with her grandmother, her only immediate relative. Presently, Enitsar is nineteen and still in Yemen, though her grandmother is now deceased.

---

[1]The following facts are taken from Plaintiffs' Complaint and are accepted as true for purposes of this Decision and Order.

On April 11, 2006, Mr. Salem filed a Petition for Alien Relative, Form I-130, on behalf of Enitsar. The I-130 form allows U.S. citizens or lawful resident aliens to establish their relationship to alien relatives who want to immigrate to the U.S. On or about August 26, 2007, Mr. Salem filed a DS-230 visa application for Enitsar with the U.S. Embassy in Sanaa. At that time, Mr. Salem was married to Enitsar's mother, and believed that Enitsar was his step-daughter. Accordingly, the paperwork indicated that Mr. Salem was seeking a visa on behalf of his step daughter. According to Mr. Salem, subsequent DNA testing conducted in connection with the visa application process revealed that Enitsar is actually his biological daughter. The fact that Enitsar was initially incorrectly identified on immigration forms as Mr. Salem's step-daughter rather than his daughter, has apparently resulted in some amount of delay in the visa application process.

On January 15, 2008, U.S. Immigration "refused" Enitsar's visa application, "under section 221(g) of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1201(g)[2], pending results from DNA testing and a new Form I-864, affidavit of support." Affidavit [#6-1] of Daniel W. Wright, Vice Consul in the Visa Section at the U.S. Embassy, Sanaa, Yemen. Shortly thereafter, on February 10, 2008, Mr. Salem submitted the new DNA testing information and Form I-864. This supplemental submission is considered a request for reconsideration. See, 22 C.F.R. § 42.81(e). Almost a year later, U.S. Immigration had given no further indication as to whether it would issue a visa to Enitsar.

On January 20, 2009, Mr. Salem filed an action in this Court, seeking a writ of mandamus to compel the U.S. Embassy in Sanaa to make a decision on the visa application. *See, Salem et al. v. Mukasey et al.*, 09-mc-6002 DGL. The action was assigned to Judge Larimer. On March 20, 2009, the Government filed a motion [#3] for an extension of time to answer. As part of that application, the Government submitted the

---

[2] 8 U.S.C. § 1201(g) states, in pertinent part, that no visa shall be issued if "the application fails to comply with the provisions of this chapter, or the regulations issued thereunder."

previously-cited affidavit of Daniel Wright, Vice Consul in the Visa Section at the U.S. Embassy in Sanaa. Wright indicated that in February 2009, he reviewed the materials that Mr. Salem had submitted a year earlier. Wright stated that the Form I-864 had been approved. Wright also indicated that "[a] request was made to verify the DNA results with the testing lab. We expect to hear back from the lab within a week." Wright Aff. [#6-1] at ¶ 4. According to Wright, therefore, the Government expected to have the DNA results in March 2009. However, to the present date, the Government has neither granted or denied the visa application, or said anything further to Mr. Salem about the DNA testing.

On April 20, 2009, the Government filed a motion before Judge Larimer, seeking to dismiss the mandamus action for lack of subject matter jurisdiction. Specifically, the Government argued that, "[p]ursuant to the well-settled doctrine of consular nonreviewability, the Court lacks jurisdiction to review the consular officers' decision to deny the visa." Def. Memo of Law at p. 2, 09-mc-6002 DGL. In this regard, the Government argued that the visa application had been denied in January 2008, and that the Court therefore could not review such dismissal, pursuant to the "consular nonreviewability" doctrine, which "precludes federal courts from exercising jurisdiction to consider an alien's challenge to a denial of a visa application." *American Academy of Religion v. Napolitano*, 573 F.3d 115, 121 (2d Cir. 2009).[3]

In addition to arguing that the action was barred by the doctrine of consular nonreviewability to the extent it sought a review of the denial of the visa application, Defendants contended before Judge Larimer that they could not be ordered to issue a decision as to Mr. Salem's request for reconsideration. On this point, Defendants argued that they had "discretion" whether to reconsider the application under 22 C.F.R. § 42.81.

---

[3] The Government's argument on that point, which they also make in this case, is odd, since Mr. Salem is not seeking review of the denial of a visa application. Instead, he is requesting an order directing the Government to take action on the materials that it admittedly has had since February 2008, i.e., to either grant or deny the application.

See, Def. Memo of Law [#7] at pp. 4 & 19, 09-mc-6002.[4] As discussed further below, it appears that Defendants' argument with respect to this issue was a misstatement of the law. *See, Rivas v. Napolitano*, 2012 WL 1416008 at *2; *accord, Davila v. Holder*, No. C-09-5058 JCS, 2010 WL 1264670 at *6 (N.D.Cal. Mar. 30, 2010) ("The language of the regulation at issue here is mandatory: 'If the visa is refused, and the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case shall be reconsidered. In such circumstances, an additional application fee shall not be required.' 22 C.F.R. § 42.81(e) (emphasis added). Respondents have not argued, nor has the Court found any authority suggesting that this language is anything but mandatory."). Significantly, although Defendants cited to 22 C.F.R. § 42.81 generally, and to subsections (a) and (b) specifically, they never referred Judge Larimer's attention to subsection (e), which is the key provision, since it indicates that when a request for reconsideration is made within one year, as Plaintiffs' was, "the case shall be reconsidered." (emphasis added). Accordingly, 22 C.F.R. § 42.81(e) establishes that reconsideration is not discretionary.[5]

On February 3, 2010, Judge Larimer granted the defendants' motion to dismiss for lack of subject-matter jurisdiction. On February 8, 2010, that action was closed. Plaintiff's did not appeal or otherwise seek relief from Judge Larimer's judgment.

Instead, on October 18, 2010, Plaintiffs commenced this action, which is essentially identical to the prior action. Significantly, when completing the cover sheet used for filing

---

[4]Defendants further stated: "[N]or may the court order the Department of State to instruct the consulate to exercise its discretionary authority to reopen the immigrant visa application." *Id*. at pp. 19-20. Such statement fails to recognize that the Consulate had in fact already "reopened" the application, as shown by Wright's affidavit. Even assuming that the consulate had discretion whether to reconsider applications under 22 C.F.R. § 42.81(e), which according to the regulation it does not, once it decided to exercise such discretion and reconsider the application, it could not then choose to wait an unreasonable length of time before issuing a decision.

[5]In response to Defendants' legal arguments to Judge Larimer, Plaintiffs stated, in conclusory fashion, that Defendant's duties were "non-discretionary." However, Plaintiffs did not raise the points discussed above.

a new action with the Court, Plaintiffs were asked to list "related case(s) if any," but they left that section blank. Consequently, this action was assigned to the undersigned. On December 28, 2010, Defendants filed the subject motion to dismiss, for lack of subject-matter jurisdiction, and on the grounds of *res judicata*.

## DISCUSSION

*Motion to dismiss for lack of subject-matter jurisdiction*

Defendants' motion is brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"). With regard to such an application, it is well settled that,

> [a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.

*Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir.2000) (citations omitted).

Defendants again argue that the Court lacks subject-matter jurisdiction based on the doctrine of consular nonreviewability. The Court disagrees. Mr. Salem is not seeking review of the denial of a visa application. Instead, he is requesting an order directing the Government to take action on the materials that it admittedly has had since February 2008, i.e., to either grant or deny the application. Courts have held that such actions are not barred by the "consular nonreviewability" doctrine. *See, e.g., Rivas v. Napolitano*, — F.3d —, 2012 WL 1416008 at *1 (9th Cir. Apr. 25, 2012) (Federal courts are generally without power to review the actions of consular officials. However, . . . a court has jurisdiction to review a consular official's actions when the suit challenges the authority of the consul to take *or fail to take an action* as opposed to a decision within the consul's discretion.") (emphasis added, citations and internal quotation marks omitted).

To the extent that the Government maintains that the Consulate's "refusal" of the

initial papers in January 2008 was a final "decision" which cannot be appealed, the fact remains that the application was being reconsidered as late as March 2009, and the Government is under a legal duty to complete such reconsideration within a reasonable time.[6] *See, Rivas v. Napolitano*, 2012 WL 1416008 at *2 ("Because 22 C.F.R. § 42.81(e) by its plain terms imposes a nondiscretionary, ministerial duty to reconsider the denial of a visa application when the applicant adduces further evidence tending to overcome the ground of ineligibility, the district court has subject matter jurisdiction under the Mandamus Act where the government fails to comply with the regulation."); *see also, Ruston v. U.S. Dept. of State*, 29 F.Supp.2d 518, 522 -523 (E.D.Ark. 1998) ("[C]ourts have found the doctrine of 'consular nonreviewability' inapplicable when consular officers fail to follow nondiscretionary regulatory duties."), *aff'd*, 187 F.3d 643 (8th Cir. 1999) (table). Defendants have a non-discretionary duty to reconsider the subject visa application under 22 C.F.R. § 42.81(e), and the Court therefore has subject matter jurisdiction over this mandamus action, pursuant to, *inter alia*, 28 U.S.C. § 1361. *See, Duamutef v. I.N.S.*, 386 F.3d 172, 180 (2d Cir. 2004) ("[J]urisdiction under the mandamus statute [28 U.S.C. § 1361] is limited to actions seeking to compel the performance of a nondiscretionary duty.") (citation omitted); *see also, Hoo Loo v. Ridge*, No. 04 CV 5553(DLI)(RML), 2007 WL 813000 at *3 (E.D.N.Y. Mar. 14, 2007) (Court found that it had jurisdiction under Mandamus Statute over action seeking to compel INS to adjudicate pending applications: "For mandamus act purposes this not a case where the petitioner is asking for the defendants to do something that is purely within their discretion, such as granting an interview or approving (*as opposed to acting on*) her application, over which the court would not have jurisdiction.") (emphasis added); *Hussein v. Ashcroft*, Case No. 01-CV-1239 (FB), 2002 WL 31027604 at *3

---

[6] According to Wright, the initial application was "refused" in January 2008 "pending results from DNA testing and a new Form I-864," which Mr. Salem immediately submitted, and which Wright indicated was still being looked at in March 2009. See, Wright Aff. [#6-1] at ¶ 4. ("We expect to hear back from the lab within a week.")

(E.D.N.Y. Sep. 12, 2002) ("[M]andamus jurisdiction can be invoked only when the plaintiff has a clear right to the relief sought, the defendant has a clear duty to perform, and no other adequate remedy is available. Generally, Hussein is correct that the INS has a 'clear duty' to process applications for citizenship.") (citation omitted; collecting cases).

*Motion to dismiss for res judicata*

Defendants maintain that Plaintiffs' action is barred by the doctrine of *res judicata*, or claim preclusion, and the applicable legal principles are clear:

> Under both New York law and federal law, the doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. If a valid and final judgment has been entered on the merits of a case, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

*Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.*, 600 F.3d 190, 195-196 (2d Cir. 2010) (citations and internal quotation marks omitted).

This action is essentially identical to the one that Judge Larimer dismissed. Accordingly, this action is barred by *res judicata*, and must be dismissed.

In response to Defendants' arguments concerning *res judicata*, Plaintiffs argue that this Court ought to "revisit" Judge Larimer's ruling:

> The Plaintiffs request this Honorable Court to revisit its prior ruling . . . . The Plaintiffs respectfully submit that there is a need to correct a clear error and prevent manifest injustice to a young girl[.]

Pl. Memo of Law [#8] at p. 4. However, Plaintiffs have chosen the wrong procedural mechanism to seek a rehearing. Plaintiffs may wish to consider bringing a Rule 60(b) motion before Judge Larimer, if they can articulate a proper basis for such an application. Of course, it would be completely within Judge Larimer's discretion whether to grant such an application. *Stevens v. Miller*, 676 F.3d 62, 64 (2d Cir. 2012) (Denial of Rule 60(b) motion is reviewed for abuse of discretion).

CONCLUSION

Defendants' motion to dismiss [#2] is granted. The Clerk of the Court is directed to close this action.

Dated: Rochester, New York
   June 1, 2012

             ENTER:


              /s/ Charles J. Siragusa
             CHARLES J. SIRAGUSA
             United States District Judge